**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRAIG ROSS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>-against-<br><br>PFNY, LLC, PFNY HOLDINGS, LLC, JAMES INNOCENTI, and JEFFREY INNOCENTI,<br><br>Defendants | No: 22-CV-314 (EK)(LB)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Craig Ross ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to themselves, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation and other damages for Plaintiffs and similar hourly member service representatives, fitness trainers, front desk employees, and similarly situated hourly positions (collectively, "Manual Workers") who work or have worked as manual workers for PFNY, LLC, PFNY Holdings, LLC, James Innocenti and Jeffrey Inncoenti (collectively, "Planet Fitness" or "Defendants") in New York State.

2. Owned and operated by James Innocenti and Jeffrey Innocenti, Planet Fitness operates over forty-five fitness clubs in New York.

1

3. In order to operate their fitness clubs, Defendants employ over 400 people in New York, the majority of whom are Manual Workers.[1]

4. At all relevant times, Defendants have compensated Plaintiff and all other Manual Workers on a bi-weekly basis.

5. Despite being manual workers, Defendants have failed to properly pay Plaintiff and other Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned.

6. In this regard, Defendants have failed to provide timely wages to Plaintiff and all other similar Manual Workers.

7. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955).

8. As such, the failure to provide wages owed to Plaintiff and all other similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)). The amount of wages that Defendants failed to provide to Plaintiff and similarly situated Manual Workers on a timely basis pursuant to NYLL § 191 exceeds $5 million.

9. At all relevant times, Defendants required Plaintiff and all other similarly situated Manual Workers in New York to work shifts of over ten (10) hours and/or split shifts.

10. If a class member worked a shift of over ten hours or a split shift, and was paid the applicable minimum wage, they are entitled to spread of hours pay.

---

[1] *See* https://www.lohud.com/story/news/local/westchester/2015/10/07/planet-fitness-lawsuit/73511468/.

11. Despite paying Plaintiff and other Manual Workers in New York the applicable minimum wage and requiring them to work shifts of over ten hours, Defendants failed to provide Plaintiff and similarly situated Manual Workers in New York spread of hours pay.

12. Defendants failed to provide Plaintiff and similarly situated Manual Workers with an accurate statement of wages pursuant to NYLL § 195(3), as the wage statements provided failed to notate Plaintiff's and similarly situated Manual Workers' entitlement to spread of hours pay.

13. Plaintiff and similarly situated Manual Workers are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, up to a total of five thousand dollars each pursuant to NYLL § 195(3).

14. The amount of statutory penalties Plaintiff and similarly situated Manual Workers are entitled to pursuant to NYLL § 195(3) exceeds $5 million.

15. Plaintiff brings this action on behalf of themselves and all other similarly situated Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL"), and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

**Craig Ross**

16. Craig Ross ("Ross") is an adult individual who is a citizen of the State of New York.

17. Ross was employed by Planet Fitness as a member service representative from on or about December 2020 to on or about March 16, 2021.

18. Ross is a covered employee within the meaning of the NYLL.

3

**Defendants**

**PFNY, LLC**

19. PFNY, LLC is a domestic business corporation organized and existing under the laws of New York.

20. PFNY, LLC's principal executive office is located at 320 Yonkers Avenue, Yonkers, New York 10701

21. Upon information and belief, PFNY, LLC's members are Defendants James Innocenti and Jeffrey Innocenti. James Innocenti is a citizen of California and Jeffrey Innocenti is a citizen of New York.

22. PFNY, LLC was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

23. PFNY, LLC has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

24. PFNY, LLC applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

**PFNY, HOLDINGS LLC**

25. PFNY, Holdings LLC is a domestic business corporation organized and existing under the laws of New York.

26. PFNY, Holdings LLC's principal executive office is located at 320 Yonkers Avenue, Yonkers, New York 10701

27. Upon information and belief, PFNY, Holdings, LLC's members are Defendants

4

James Innocenti and Jeffrey Innocenti. James Innocenti is a citizen of California and Jeffrey Innocenti is a citizen of New York.

28. PFNY, Holdings LLC was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

29. PFNY, Holdings LLC has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

30. PFNY, Holdings LLC applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

**James Innocenti**

31. At all relevant times herein, James Innocenti has owned and/or operated PFNY, LLC and PFNY, Holdings LLC.

32. Upon information and belief, James Innocenti is a citizen of the State of California.

33. According to multiple media sources, James Innocenti is an owner and founder of PFNY, LLC.[2]

34. James Innocenti has provided sworn testimony that he is responsible for running the day-to-day operations of PFNY, LLC.[3]

35. Furthermore, James Innocenti identifies himself as the COO of Planet Fitness on his personal LinkedIn page.

36. James Innocenti maintains a direct and significant management role in Planet

---

[2] *See* https://www.audacy.com/wcbs880/articles/news/planet-fitness-improves-air-filtration-ppe-for-ny-reopening; https://www.clubindustry.com/commercial-clubs/planet-fitness-new-york-franchisees-reach-settlement
[3] *See Grondahl v. Innocenti*, No. 11 Civ. 591 (SM), ECF No. 36-2 (Apr. 10, 2012 D. N.H.).

Fitness.

37. At all relevant times, James Innocenti has had the power over payroll decisions at Planet Fitness, including the power to retain time and/or wage records.

38. At all relevant times, James Innocenti has been actively involved in managing the day-to-day operations of Planet Fitness.

39. At all relevant times, James Innocenti has had the power to stop any illegal pay practices that harmed Plaintiff and similarly-situated employees at Planet Fitness.

40. At all relevant times, James Innocenti has had the power to transfer the assets and/or liabilities of Planet Fitness.

41. At all relevant times, James Innocenti has had the power the declare bankruptcy on behalf of Planet Fitness.

42. At all relevant times, James Innocenti has had the power to enter into contracts on behalf of Planet Fitness.

43. At all relevant times, James Innocenti has had the power to close, shut down, and/or sell Planet Fitness.

44. James Innocenti is a covered employer within the meaning of the NYLL, and at all relevant times, he has employed and/or jointly employed Plaintiff and similarly-situated employees.

**Jeffrey Innocenti**

45. At all relevant times herein, Jeffrey Innocenti has owned and/or operated PFNY, LLC and PFNY, Holdings LLC.

46. Upon information and belief, Jeffrey Innocenti is a citizen of the State of New York.

47. According to multiple media sources, Jeffrey Innocenti is an owner and founder of

PFNY, LLC.[4]

48. Jeffrey Innocenti has provided sworn testimony that he is responsible for running the day-to-day operations of PFNY, LLC.[5]

49. Furthermore, Jeffrey Innocenti identifies himself as the Owner of Planet Fitness on his personal LinkedIn page.

50. Jeffrey Innocenti maintains a direct and significant management role in Planet Fitness.

51. At all relevant times, Jeffrey Innocenti has had the power over payroll decisions at Planet Fitness, including the power to retain time and/or wage records.

52. At all relevant times, Jeffrey Innocenti has been actively involved in managing the day-to-day operations of Planet Fitness.

53. At all relevant times, Jeffrey Innocenti has had the power to stop any illegal pay practices that harmed Plaintiff and similarly-situated employees at Planet Fitness.

54. At all relevant times, Jeffrey Innocenti has had the power to transfer the assets and/or liabilities of Planet Fitness.

55. At all relevant times, Jeffrey Innocenti has had the power the declare bankruptcy on behalf of Planet Fitness.

56. At all relevant times, James Innocenti has had the power to enter into contracts on behalf of Planet Fitness.

57. At all relevant times, James Innocenti has had the power to close, shut down, and/or sell Planet Fitness.

---

[4] *See* https://www.audacy.com/wcbs880/articles/news/planet-fitness-improves-air-filtration-ppe-for-ny-reopening; https://www.clubindustry.com/commercial-clubs/planet-fitness-new-york-franchisees-reach-settlement
[5] *See Grondahl v. Innocenti*, No. 11 Civ. 591 (SM), ECF No. 36-3 (Apr. 10, 2012 D. N.H.).

58. Jeffrey Innocenti is a covered employer within the meaning of the NYLL, and at all relevant times, he has employed and/or jointly employed Plaintiff and similarly-situated employees.

## JURISDICTION AND VENUE

59. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

60. The members of the proposed class are citizens of states different from that of at least one Defendant.

61. There are over 100 members in the proposed class.

62. Defendants are subject to personal jurisdiction in New York.

63. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Defendants conduct business in this District, and the events or omission giving rise to Plaintiff's claims arose in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

64. Plaintiff brings the First, Second, and Third Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for PFNY, LLC, PFNY Holdings, LLC, James Innocenti, and Jeffrey Inncoenti in New York between June 5, 2015[6] and the date of final judgment in this matter.

---

[6] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

65. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

66. There are more than 100 members of the New York Class.

67. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

68. Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

69. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

70. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

71. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

72. Common questions of law and fact exist as to the New York Class that predominate

over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

    (a) whether Defendants correctly compensated Plaintiff and the New York Class on a timely basis;

    (b) whether Defendants correctly compensated Plaintiff and the New York Class with spread of hours pay, as required by the NYLL;

    (c) whether Defendants failed to furnish Plaintiff and the New York Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

73. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Craig Ross**

74. Ross was employed as a member services representative by Defendants from approximately December 2020 through approximately March 16, 2021.

75. Ross worked as a member services representative at Defendants' 495 Flatbush Avenue, Brooklyn New York 11225 location.

76. During Plaintiff's employment, Plaintiff was a non-exempt worker paid on an hourly basis of $15.00 per hour.

77. During Plaintiff's employment, over twenty-five percent of Ross's duties were physical tasks, including but not limited to: 1) wiping down equipment; (2) mopping and sweeping floors; (3) moving trash bags; (4) lifting up to 50 pounds; and (5) continued standing and walking during shifts.

78. Defendants further advertised Plaintiff's to have "physical demands," including "continual standing and walking during shift" and "be[ing] able to occasionally lift up to 50 lbs."

*See* **Exhibit A**, Defendants' Job Description.

79. Despite Plaintiff regularly spending more than twenty-five percent of their shift performing these physical tasks, Defendants compensated Ross on a bi-weekly basis.

80. For example, for the week beginning on January 23, 2021 and ending February 5, 2021, Defendants paid Ross their lawfully earned wages on February 11, 2021. *See* **Exhibit B**, Ross Paystub.

81. Defendants failed to pay Ross wages earned from January 23, 2021 through January 29, 2021 by February 5, 2021 as required by NYLL § 191(1)(a).

82. As a result of Defendants' untimely wage payments, Ross was underpaid for the period of January 23, 2021 through January 29, 2021, and for every corresponding period where Defendants paid Ross on an untimely basis.

83. Throughout Plaintiff's employment, Plaintiff would work shifts of over ten hours from beginning to the end of their shift and/or split shifts.

84. Throughout Plaintiff's employment, Plaintiff was paid the applicable minimum wage of $15.00 per hour.

85. Despite working shifts of over ten hours and/or split shifts and being paid the applicable minimum wage, Defendants failed to provide Ross with spread of hours pay as required by the NYLL.

86. Throughout Plaintiff's employment, Defendants failed to provide Plaintiff with accurate wage statements with each payment of wages as required by the NYLL, as their wage statements failed to notate Plaintiff's entitlement to spread of hours pay.

## FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
**(Brought on behalf of Plaintiff and the New York Class)**

87. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the New York Class.

89. Defendants failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the New York Class being underpaid.

90. Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION
### New York Labor Law – Spread of Hours Pay
**(Brought on behalf of Plaintiff and the New York Class)**

91. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92. Defendants have failed to pay Plaintiff and the New York Class compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours or for workdays that Plaintiff and the New York Class worked split shifts.

93. Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants their unpaid spread of hours wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiff and the New York Class)

94. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

95. Defendants failed to supply Plaintiff and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

96. Due to Defendants' violations of NYLL § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of

Civil Procedure;

  B.  Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

  C.  Liquidated damages permitted by law pursuant to the NYLL.

  D.  Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the NY Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article § 198;

  E.  Prejudgment and post-judgment interest;

  F.  Reasonable attorneys' fees and costs of the action; and

  G.  Such other relief as this Court shall deem just and proper

Dated: New York, New York
August 12, 2022

Respectfully submitted,

/s/ Hunter G Benharris
Hunter G Benharris

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*