```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

 CRAIG ROSS,

                    Plaintiff,                    MEMORANDUM & ORDER
                                                  22-CV-314(EK)(SDE)

            -against-

 PFNY, LLC, PFNY Holdings, LLC, JAMES
 INNOCENTI, JEFFREY INNOCENTI,

                    Defendants.

---------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Craig Ross sued his former employer, Planet Fitness, under the New York Labor Law for failure to pay timely wages, failure to pay spread-of-hours compensation, and failure to provide accurate wage statements. Ross brings his claims on behalf of a putative class of Planet Fitness employees. He has sued defendants PFNY, LLC; PFNY Holdings, LLC (together, "Planet Fitness"); and Planet Fitness founders James and Jeffrey Innocenti.

        Ross contends that this Court has jurisdiction over his claims pursuant to the Class Action Fairness Act ("CAFA"). Defendants argue that three exceptions to a federal court's exercise of jurisdiction under CAFA apply: the "local controversy" exception, the "home state" exception, and the "interests of justice" exception. They have moved to dismiss

for lack of subject-matter jurisdiction.

For the following reasons, the Court concludes that the local controversy exception applies. Generally speaking, that exception is applicable when the lion's share of the CAFA parties reside, and the underlying events occur, in a single state. But the exception is also conditioned on the absence of prior, *similar* class actions over a specified time period. The rationale for this condition is that injuries giving rise to multiple class actions are more likely to be "national" in nature, and thus should *not* be excepted from CAFA's reach. The local controversy exception is mandatory.

Here, the parties' dispute about the local controversy exception focuses almost entirely on whether an earlier class action — filed in New York state court — is sufficiently "similar" to the instant case to bar the exception's application. For the reasons set forth below, the Court agrees with the defendants that the state action is *insufficiently* similar. Accordingly, the local controversy exception applies, CAFA jurisdiction does not lie, and the motion to dismiss must be granted.

## I. Background

The facts recited below are taken from the First Amended Complaint ("FAC"), ECF No. 11, as well as the declaration of Russell Tannenbaum, the Director of Human

2

Resources for Planet Fitness. *See* ECF No. 16. When considering a motion to dismiss for lack of subject-matter jurisdiction, a court must "accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."[1] *Bohnak v. Marsh & McLennan Cos., Inc.*, 79 F.4th 276, 283 (2d Cir. 2023); *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006). When facts relevant to jurisdiction are disputed, however, "a district court . . . may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).[2]

Between December 2020 and March 2021, Ross was employed as a "member service representative" at the Planet Fitness gym located at 495 Flatbush Avenue in Brooklyn. FAC ¶¶ 74-75. He was paid New York's then-prevailing minimum wage of $15 per hour. *Id.* ¶¶ 76, 84. "Throughout [his] employment," however, Ross "would work" shifts longer than ten hours. *Id.* ¶ 83. He also worked "split" shifts. *Id.*[3]

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

[2] Defendants provided a single affidavit as well as the complaint in a state class action brought against one of the corporate defendants. The Court need not provide notice to the parties before considering such materials. *See, e.g.*, *Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y. 2006) (considering affidavits provided by both parties in resolving a CAFA matter); Dkt. No. 06-CV-1878 (S.D.N.Y.) (docket reflecting no notice the parties).

[3] A split shift occurs when "the working hours required or permitted" in a single day's schedule are "not consecutive," but excludes interruptions due to a "meal period of one hour or less." N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.17.

Defendants PFNY and PFNY Holdings are corporate entities that control, oversee, and direct Planet Fitness gyms in New York State. *Id.* ¶¶ 23, 29. Both LLCs have the same two members: the individual defendants, James and Jeffrey Innocenti. *Id.* ¶¶ 21, 27. James is the COO of Planet Fitness and an owner of the company. *Id.* ¶¶ 31-35. Jeffrey is also an owner. *Id.* ¶¶ 45-49.

Ross alleges three violations of the New York Labor Law ("NYLL"). First, he claims that defendants paid his compensation every other week rather than weekly, as mandated for "manual workers" (like Ross) in Section 191(1)(a) of the NYLL. *Id.* ¶¶ 1, 79, 89. Second, Ross claims that he was entitled to, but not paid, "spread-of-hours" pay pursuant to New York Codes, Rules & Regulations § 142-2.4. *Id.* ¶¶ 91-93. Third, Ross contends that defendants failed to provide him with accurate wage statements under NYLL § 195(3), because the statements he received "failed to notate Plaintiff's entitlement to spread of hours pay." *Id.* ¶¶ 86, 95.

Ross asserts that Planet Fitness's compensation practices give rise to these same violations for all of its manual workers. *Id.* ¶¶ 24, 30. On that basis, his complaint is styled as a putative class action. *Id.* ¶¶ 1, 64.

## II. Discussion

The sole basis for federal jurisdiction over this

4

matter is CAFA.  28 U.S.C. § 1332(d).  Plaintiff brings no federal claims, FAC ¶¶ 87-96, and the parties are not completely diverse, as Ross and three of the four defendants are New York citizens.  *See* 28 U.S.C. § 1332(a); FAC ¶¶ 21, 27, 32, 46.

CAFA provides original jurisdiction over class actions when (a) the proposed class involves 100 or more class members; (b) the matter in controversy exceeds $5,000,000; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ."  28 U.S.C. §§ 1332(d); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006).  The party seeking to invoke CAFA — here, Ross — bears the burden of establishing that he meets the statute's requirements.  *DiTolla v. Doral Dental IPA of N.Y.*, 469 F.3d 271, 275 (2d Cir. 2006).  As to the jurisdictional amount, he "must show that it appears to a reasonable probability that the aggregate claims of the plaintiff class are in excess of $5 million."  *Blockbuster*, 472 F.3d at 58.

CAFA also contains several exceptions.  "[T]he party seeking to avail itself of an exception to CAFA jurisdiction over a case originally filed in federal court bears the burden of proving the exception applies."  *Gold v. N.Y. Life Ins. Co.*, No. 09-CV-3210, 2012 WL 1674300, at *1 (S.D.N.Y. May 14, 2012), *aff'd*, 730 F.3d 137 (2d Cir. 2013).

## A. Absent an Exception, CAFA Jurisdiction Would Inure

The parties do not dispute that, taking his allegations as true, Ross meets CAFA's three requirements. First, the putative class is sufficiently numerous, containing more than 100 members. 28 U.S.C. § 1332(d)(5)(B). Ross alleges that there are over 400 employees at New York Planet Fitness locations, the majority of whom are manual workers. FAC ¶ 3.

Second, he has shown a "reasonable probability," *Blockbuster*, 472 F.3d at 58, that there is more than $5,000,000 at stake — an amount he has plausibly alleged through his Section 191 claim alone. Under the NYLL, "[p]laintiffs are entitled to recover liquidated damages equal to the total amount of all wages that were not paid in accordance with the law, including . . . for wages that were paid late." *Ramirez v. Urion Constr. LLC*, 674 F. Supp. 3d 42, 53 (S.D.N.Y. 2023); *see Vega v. CM & Assocs. Constr. Mgmt., LLC*, 107 N.Y.S.3d 286 (App. Div. 1st Dep't 2019) (citing prior version of NYLL § 198(1-a)).

Ross alleges that Planet Fitness's policies and practices applied to all members of the proposed New York Class throughout the class period. FAC ¶ 68. Multiplying (a) the smallest permissible class of 100 members by (b) forty hours of work per week by (c) the minimum wage at the start of the class period ($8.75, conservatively ignoring subsequent increases) yields payroll obligations of $35,000 weekly, and — after

6

multiplying by twenty-six biweekly pay periods in a year — $910,000 annually in untimely paid wages. *See* FAC ¶ 8.[4]

Ross alleges violations beginning on June 5, 2015 and extending to the date of "final judgment" in this case. *Id.* ¶ 64. As Ross filed his amended complaint more than seven years after the putative class period would commence, Defendants' alleged untimely wage payments at that time totaled at least $6,000,000, greater than the $5,000,000 CAFA minimum. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.").

Finally, Ross pleads minimal diversity — all that is required for CAFA jurisdiction. 28 U.S.C. § 1332(d)(2)(A). Ross is a New York citizen and defendant James Innocenti is a

---

[4] Ross proposes multiplying by *fifty-two* weeks per year. Pl.'s Resp. to OTSC 5, ECF No. 8. However, "liquidated damages for a violation of section 191 should be based only on the failure to pay timely agreed-upon wages during the first week of each bi-weekly pay period." *Anzures v. Maredin Rest. Corp.*, No. 22-CV-2798, 2024 WL 1376812, at *15 (E.D.N.Y. Jan. 24, 2024), *report and recommendation adopted,* 2024 WL 1367963 (E.D.N.Y. Apr. 1, 2024).

Post-*Vega*, several courts used this methodology to compute liquidated damages for Section 191 claims. *See, e.g.*, *id.*; *Carrera v. DT Hosp. Grp.*, No. 19-CV-4235, 2021 WL 6298656, at *11 (S.D.N.Y. Nov. 1, 2021), *report and recommendation adopted,* 2021 WL 6298654 (S.D.N.Y. Dec. 7, 2021). Earlier this year, however, the New York State Legislature amended Section 198(1-a). Now, where an employer pays its employees "no less frequently than semi-monthly," liquidated damages pursuant to Section 191 are generally limited to "lost interest found to be due for the delayed payment of wages." 2025 N.Y. Sess. Laws 3006-C (McKinney). This amendment applies to pending causes of action, *id.*, but is immaterial to the CAFA analysis, in which we assess jurisdiction as of the time of the amended complaint — here August 2022. *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007).

California citizen. FAC ¶¶ 16, 32.

## B. The Local Controversy Exception Applies

The local controversy exception requires a district court to decline jurisdiction when four conditions are satisfied.[5] The parties agree (and the Court concurs) that the first three conditions are satisfied here: that (1) more than two-thirds of the putative class are citizens of the state where the action was originally filed; (2) "significant relief" is sought from at least one defendant who is a citizen of that same state, and whose conduct forms a significant basis of the underlying claims; and (3) the "principal injuries" alleged occurred in the state. *See* 28 U.S.C. § 1332(d)(4)(A) (listing factors); *see also* Pl.'s Opp'n 4, ECF No. 18; Defs.' Br. 5-6, ECF No. 15.[6]

The parties diverge, however, on the fourth condition:

---

[5] The Second Circuit has not clarified whether the local controversy exception is jurisdictional. However, it has explained that the home state exception, while mandatory, is not jurisdictional and can be waived if not raised within a reasonable time. *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 142 (2d Cir. 2013). Both exceptions include the same "shall decline to exercise jurisdiction" statutory language, so it is likely that a similar holding would obtain in interpreting the local controversy exception. However, "there is no dispute that the motion raising the application of a CAFA exception was brought within a reasonable time," so this distinction is immaterial. *See Moore v. IOD Inc.*, No. 14-CV-8406, 2016 WL 8941200, at *4 n.8 (S.D.N.Y. Mar. 24, 2016).

[6] Page numbers in citations to the parties' briefs refer to native pagination. Ninety-eight percent of all Planet Fitness employees at New York gyms are New York citizens; thus New York citizens comprise more than two-thirds of the putative class. Tannenbaum Decl. ¶ 9. "Significant relief" is sought from defendants who are New York citizens — Jeffrey Innocenti and Planet Fitness. FAC ¶¶ 21, 27, 46. Finally, the principal injuries at stake in this action took place in New York. *Id.* ¶ 1.

8

whether, "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). This requirement endeavors to ensure that the local controversy exception sweeps in only "truly local" disputes. *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 508 (3d Cir. 2013). It also "prevents plaintiffs from evading federal jurisdiction in order to wage national litigation on a state-by-state basis." *Carter v. CIOX Health, LLC*, 260 F. Supp. 3d 277, 285 (W.D.N.Y. 2017).

Defendants say this requirement is satisfied — that is, that no other sufficiently similar class action has been filed in the given time period. Plaintiff argues, in response, that a New York state class action — *Rivera v. PF Payroll, LLC* — alleged similar facts against one of the instant Planet Fitness defendants (specifically, PFNY, LLC). *See* Index No. 500474/2020, Doc. No. 2 (N.Y. Sup. Ct. Jan. 8, 2020) (hereinafter "*Rivera* Compl."); Pl.'s Opp'n Br. 4.

This debate turns on the similarity of *Rivera*'s allegations to Ross's. For the reasons discussed below, the Court concludes that *Rivera* is sufficiently factually distinct from Ross's case as to preserve the exception's applicability.

1. The Statute's Text

9

The Second Circuit has not addressed the "no other class action" requirement.  Thus, the "analysis begins, as it must, with the plain text of [the statute]." *Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 418 (2d Cir. 2022).  "When the words of a statute are unambiguous, then . . . [the] judicial inquiry is complete."  *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 254 (1992).

CAFA instructs courts to assess the *factual* similarity of prior class actions when considering the local controversy exception.  28 U.S.C. § 1332(d)(4)(A)(ii) (". . . no other class action has been filed asserting the same or similar factual allegations . . . ").  The requirement does not concern whether the two cases "had the same or similar causes of action or legal theories." *Giannini v. Nw. Mut. Life Ins. Co.,* No. 12-CV-77, 2012 WL 1535196, at *5 (N.D. Cal. Apr. 30, 2012).  Accordingly, courts should not take into account "the procedural posture of the earlier filed cases or whether . . . their claims . . . involve the same causes of action or legal theories." *Vodenichar*, 733 F.3d at 508*.*

2. *Rivera* Did Not Involve "The Same or Similar Factual Allegations" As This Case

Ross alleges that *Rivera* involves similar factual claims to the case at hand.  Pl.'s Opp'n Br. 1; *see generally Rivera* Compl.  Not so.

10

In *Rivera,* the plaintiff — also a Planet Fitness employee — brought a putative class action against PFNY that remains pending. He asserts claims under the NYLL's minimum wage provision and a supporting regulation applicable to hospitality workers. *Rivera* Compl. ¶¶ 48, 53. Specifically, he alleges that PFNY, LLC required putative class members to wear a uniform, provided only one uniform per employee, did not launder uniforms, and did not compensate employees for the time *they* had to spend laundering their uniforms. *Id*. ¶¶ 41-54. Rivera is suing on behalf of a class consisting of current and former Planet Fitness employees in New York who were, among other things, "required as a condition of their employment to wear uniforms" and to "purchase uniforms." *Id.* ¶ 13.

As should be apparent by now, the allegations in the instant case have nothing to do with uniforms or time spent doing laundry. Ross alleges that he and putative class members did not receive all wages within seven calendar days of the week in which wages were earned, worked more than ten hours or split shifts but did not receive spread-of-hours pay, and received inaccurate wage statements. FAC ¶¶ 5, 12, 80-81, 91-96. For its part, *Rivera* did not involve timeliness of pay, split shifts, or alleged deficiencies in wage notices.[7] Because the

---

[7] As Plaintiff points out, the *Rivera* complaint was amended *after* this case was filed to add a spread-of-hours claim predicated on the assertion

11

allegedly wrongful employment practices are distinct, the cases are insufficiently similar.

*Serrano v. Bay Bread LLC* is on point. No. 14-CV-1087, 2014 WL 4463843 (N.D. Cal. Sept. 10, 2014). There, a group of bakery workers sued the defendant in state court for state-law wage-and-hour violations arising out of the "denial of meal and rest breaks." *Id.* at *1, *4. The defendant removed to federal court, invoking CAFA, and the plaintiffs moved to remand based on the local controversy exception. One defendant, Aerotek, Inc., had "been subject to two other California wage-and-hour disputes in the relevant time period" — one brought by a class of engineering employees and one by call center employees. *Id.* at *4. Still, the district court held that the prior actions were insufficiently similar to overcome the local controversy exception, and denied remand. Because the earlier "suits

---

that Rivera worked shifts in excess of ten hours. This assertion appears in Ross's complaint, too, but Ross does not contend that the amended complaint in *Rivera* should affect the local-controversy analysis here. (Instead, he flagged the amended *Rivera* complaint only in connection with a request to speed decision in this case.) *See* Schaffer Ltr., ECF No. 21.)
   And one would be hard-pressed to imagine how the *later*-filed amendment in *Rivera* could be relevant to the local controversy exception here. The exception, as noted, directs us to look at claims asserted during the three-year period "*preceding* the filing of" the instant action. 28 U.S.C. § 1332(d)(4)(A)(ii) (emphasis added); *see Rotenberg v. BusPatrol Am. LLC*, No. 25-CV-438, 2025 WL 1682439, at *10 (E.D.N.Y. June 16, 2025) ("[C]ourts should look to the then-operative complaint in the previously-filed action to determine whether it involves factual allegations similar to the later-filed action — as opposed to an amended complaint containing allegations revised *after the filing of the later-filed action*.") (emphasis added). Moreover, as noted above, we look at the relevant facts, not the causes of action specified, and the amended complaint in *Rivera* asserts only one sentence of (generic) factual content in support of the spread-of-hours claim. *See Rivera* Am. Compl. ¶ 62, ECF No. 21-1.

12

involved different violations for different employer policies and practices than those alleged in the instant lawsuit," the exception applied. *Id.* at \*4.[8]

Other courts have found prior actions insufficiently similar even when they bore a *stronger* resemblance to the case at hand than *Rivera* does here. In *Anderson v. Hackett*, the court found that two actions concerning the release of the same type of chemicals into the environment lacked similar factual allegations. 646 F. Supp. 2d 1041, 1050-51 (S.D. Ill. 2009). The court noted that the relevant contamination arose in different states, and that one action challenged the production and distribution of the chemicals, while the other challenged defendants' failure to discover and inform users of the chemicals' dangers. *See id.* at 1051 ("[The prior] action says, 'Don't produce;' the instant action says, 'Don't spill.'").

There is of course a vast (and unfortunate) array of ways in which a callous employer can underpay employees. *See, e.g.*, *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 499, 501-02, 511 (S.D.N.Y. 2017), *aff'd*, 752 F. App'x 33 (2d Cir. 2018) (requiring work during a non-compensable meal break,

---

[8] Notably, this was the case even though the plaintiffs in one of the two prior actions *also* alleged "that they were denied meal and rest breaks." Order Denying Remand 3, *Serrano v. Bay Bread LLC*, No. 14-CV-1087, ECF No. 19, (N.D. Cal. May 6, 2014). This factual similarity was insufficient in light of the classes' different job descriptions (bakery workers versus engineers) and other factual allegations present in the earlier case but not the later one. *Id.*

13

overcharging for employer-provided meals, and mandating that employees purchase "tools of the trade," among other forms of underpayment); *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 314 (S.D.N.Y. 2014) (improper calculation of employer tip credit). Merely arguing that the same employer underpaid employees — albeit in utterly different ways — is not enough to show factual similarity.

To be sure, there may be some overlap in the putative class *membership* between this case and *Rivera*.[9] That too, however, does not matter to the analysis. *See Vodenichar*, 733 F.3d at 509 (opining that overlap between the putative classes was irrelevant). In *Russo v. Eastwood Constr. Partners, LLC*, for example, two class actions both included homeowners alleging construction defects that caused water damage. No. 22-CV-1686, 2023 WL 2386453, at *1, *19 (D.S.C. Mar. 7, 2023). Homeowners that were members of one class were a subset of the other. *Id.* at *19-20. However, the court found the two cases insufficiently similar, "because [one class action] restricted the class to matters dealing with the decks, stairs, and

---

[9] Contrary to Plaintiff's assertion, however, there is not *complete* overlap between the two classes. Here, the class is limited to "Manual Workers for [Defendants] in New York." FAC ¶ 64. In *Rivera*, the class is limited to employees "who were (a) required as a condition of their employment to wear uniforms; were not offered laundering services for the required uniforms; and were not provided uniform maintenance pay or reimbursement; and (b) required to purchase uniforms and were not reimbursed by Defendants for the total cost of the uniform." *Rivera* Compl. ¶ 13. Yet, the word "uniform" is not even in Ross's complaint.

14

railings on the houses," while the other class brought claims related to the installation of a product on the homes' roofs. *Id.* at *20. The two classes suffered a similar harm — water damage — but the facts alleged to have created the harm were distinct. Here too, Ross and *Rivera* involve classes alleging distinct *facts* that created a similar *harm*, if anything.

Finally, the two cases at issue here are insufficiently similar because different evidence would be needed to prove the allegations. *See Rasberry v. Capital Cnty. Mut. Fire Ins. Co.*, 609 F. Supp. 2d. 594, 605 (E.D. Tex. 2009) (assessing the "proof necessary to prevail" in holding two cases factually dissimilar). For Ross, the evidence would (presumably) include employee wage statements, testimony about hours worked *on-site*, and job descriptions (concerning manual labor), while in *Rivera*, evidence concerning the time spent doing laundry *offsite* would be critical. *See, e.g.*, FAC ¶¶ 77-79, 86; *Rivera* Compl. ¶ 36. The cases would also require looking at different Planet Fitness policies: payroll frequency, spread-of-hours, and wage statement disclosures here, versus the laundry policy in Ross. *Accord Russo*, 2023 WL 2386453, at *20 (two actions alleging construction defects were dissimilar, where evidence in each "will necessarily come from an entirely different portion of the houses").

3. Plaintiff Relies on Legal, Not Factual,

15

### Similarities

Ross levels only relatively generic arguments as to why *Rivera* qualifies as "similar." He contends that the actions both implicate Planet Fitness's "unlawful pay policy" and both involve "**underpayment of wages**." *See* Pl.'s Opp'n Br. 4 (bold type in original). Ross also points to the similarity he expects in the defendants' affirmative defenses in the two actions. Planet Fitness's Answer in *Rivera*, he notes, asserted that "[p]laintiff has received full payment for all work[] performed," alongside the "affirmative defense of good faith." *Id*. Those are, he continues, "certainly the same defenses that Defendants would assert to counter Plaintiff's factual allegations in this matter." *Id*. Elsewhere, Ross points to the similarity of relief sought in the two cases. *Id.* at 5-6.

Again, however, these asserted similarities are *all* legal rather than factual, and they are thus insufficient to avoid the local controversy exception. *See, e.g.*, *Pontones v. Los Tres Magueyes, Inc.*, 2021 WL 1430793, at *8 (E.D.N.C. Apr. 15, 2021) ("Plaintiff's allegation that there was a uniform policy of underpaying employees [was] a legal conclusion . . . .").

Because *Rivera* is not sufficiently similar to this case, the local controversy exception to CAFA is applicable. Accordingly, the Court must decline to exercise jurisdiction.

16

The Court need not reach the other two CAFA exceptions raised by the defendants.

### III. Conclusion

For the foregoing reasons, the defendants' motion to dismiss is granted (without prejudice to Ross refiling his suit in an appropriate state court). The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    September 18, 2025
          Brooklyn, New York